WILLIAM B. BERRY, plaintiff in error, *vs.* THE MONTGOM-
ERY & WEST POINT RAILROAD COMPANY, defendant in
error.

1. A suit may be brought by petition and process, in the usual way, by a
citizen of Georgia against the Montgomery & West Point Railroad
Company, even though the cause of action originated in Alabama.
2. An action for the value of a slave, hired by the plaintiff to the de-
fendant, and charged to have been killed by the negligence of defend-
ant's servants, is for a debt, the consideration of which is a slave,
and its nature is not changed by calling it an action on the case for
damages. WARNER, J., dissenting.

Case.   Demurrer.   Decided by Judge POPE.   Troup Su-
perior Court.   November Term, 1868.

Berry brought case against the Montgomery & West Point
Railroad Company, averring that it had a depot and agent
in said county.   Said agent was served.   It was averred that
Berry's slave, Isaac, in June, 1862, being employed by said
defendant to run as a train hand, was, by the carelessness of
the defendant's agents and employees, killed near Franklin,
in Alabama, by falling from the train.

The defendant's attorneys moved to dismiss said cause
because, said killing having occurred in Alabama, the Georgia
corporation was not liable, and the Court could get juris-
diction therefor, in no way except by attachment against
the Alabama corporation, and because this action fell within
the constitutional denial of jurisdiction to our Courts to
enforce " any debt, the consideration of which is a slave."

After argument had, the Court ordered the case to be dis-
missed.   Before the order was taken, plaintiff's attorneys
moved to amend, so that the cause would proceed for the use
of Lethia Berry, wife of said Isaac, and their four children,
admitting that they were slaves at the time of Isaac's death.
The Court would not allow the amendment to be made, and
the cause was dismissed.

The disallowance of said amendment, and the dismissal of
said cause are brought up for review.

J. S. BIGBY, B. H. HILL, B. H. BIGHAM, for plaintiff in error.

A. W. HAMMOND & SON, for defendant in error.

McCAY, J.

Two questions are presented by this record: 1st. Can the defendant be sued in Georgia, except like other foreign corporations, by attachment? 2d. Is the cause of action, on which the plaintiff sues, one over which the Courts of this State have been denied jurisdiction by the, Constitution of 1868?

1. The defendant is a corporate body in this State by the Act of 1837. Pamphlet 201. The Alabama corporation, by its corporate name, and in its corporate character, is, by the Act of 1837, chartered as a body corporate in this State, with the right to contract and to sue, etc. Whatever may be true as to contracts made and to be performed by this Company in Alabama, and with persons not citizens of this State, we are satisfied that under this charter a citizen of Georgia may sue the corporation in this State on a contract, or for a wrong. The Company is expressly clothed with power to sue and be sued in this State, and we hold that a citizen of this State may sue the Company on a contract made with him, or for a wrong done to him, no matter where.

2. The defendant contends that this is a suit on a debt, the consideration of which is a slave, and that under the Constitution of 1868, the Courts of this State have no jurisdiction thereof. This Court has decided at this term, in several cases, that the Courts have no jurisdiction of debts, the consideration of which is slaves, or the hire thereof, and if this suit is founded on such a debt, the plea of the defendant below is good.

It is contended, however, that this cause of action is for a tort, which, in the very nature of the case, has no *consideration*, that it is not a *debt*, the consideration of which was a

slave. Is not the whole foundation of this suit a contract? The defendant had the custody, and the right to the custody, of this negro for a year, but they were under an implied, if not an express, contract to be careful of him, and to return him at the end of the year. Essentially the right of the plaintiffs consists in the defendants having broken their contract. It· is true they have a right by law to sue upon either the tort or the contract. But we have held that this right does not change the nature of the case. ·It is still a debt.

In the case of *Rockwell vs. Proctor*, (*ante,* page 105,) this Court held that the obligation of an innkeeper to make good an article of baggage belonging to one of his guests and lost by the negligence of the landlord's servant, was a debt, and could be sued upon in a Justice Court, which had no jurisdiction of torts. We think these cases are analogous. In both cases the right of action is founded on the implied contract to take good care of the thing entrusted.

We are of opinion, therefore, that the cause of action in this case was a debt, and as the whole consideration was a slave, we hold in accordance with our previous rulings, that the Courts of this State have, under the new Constitution, no jurisdiction to enforce it. The plain meaning of the Constitution is, that one shall not recover from another a debt, the consideration of which, the foundation of which, is · a slave. It is because the plaintiff has, by the defendant's breach of his contract, lost a slave that he claims a right to recover. The slave is in this case the foundation of the action. The value of the slave is what he thinks he has a right to recover, and we cannot escape from the conclusion that this is a debt, the consideration of which is a slave.

The distinction between a tort and a debt is, under our system of actions, more fanciful than real. It rarely happens that the plaintiff sues for the very thing agreed upon. The action is almost always for *damages* for the non-performance of an express or implied contract. The action of assumpsit is in terms an action upon the case for damages, and, by our code of practice, if a party sets forth plainly and distinctly in his

declaration the facts upon which his action is founded, the Court will not hold itself bound to the name by which he calls it. As we have said, the foundation of this action is failure of the defendant to keep its implied contract of carefulness and good usage of the plaintiff's slave, and is, therefore, a breach of the contract, a debt, and comes within the constitutional prohibition. Even if there were no contract between the parties, there is doubt if the word debt is not used in the sense of "cause of action." We do not, however, decide that question, as it is not necessary in this case.

Judgment affirmed.

BROWN, C. J., concurring.

As the Railroad Company hired the slave who was killed while in its employment, and a suit was brought by the owner for the recovery of the *value* of the slave, the case was properly dismissed by the Court, under the new Constitution, for want of jurisdiction.

The word debt, as used in the section of the State Constitution, which denies jurisdiction to the Court to "enforce any *debt*, the consideration of which was a slave or slaves, or the hire thereof," includes a demand for the money value of the slave in a case of this character, as well as a demand for his value under a contract of purchase.

WARNER, J., dissenting.

I dissent from the judgment of the Court in this case, holding that the Court below had no jurisdiction to try the plaintiff's cause of action for the reasons stated in *White vs. Hart & Davis*, decided during the present term. Besides, in my judgment, it is a *strained* construction of that clause of the Constitution of 1868, which denies jurisdiction to the Courts, "to try, or give judgment, or enforce any *debt*, the consideration of which was a slave or slaves," to hold that it embraces within its terms the plaintiff's cause of action for negligently causing the death of his slave while in the employment of the defendant. Neither the principles of human-

ity nor the policy of the law would seem to embrace such a cause of action under the name of "any debt," the consideration of which was a slave. It may be embraced under the *general idea of* "*relief*," but the cause of action for which the plaintiff sues, cannot be said to be a "*debt*," the consideration of which was a slave, but on the contrary, the plaintiff's cause of action was for a *tortious* act done to his slave by the defendant.