THE ATLANTIC AND GULF RAILROAD COMPANY, plaintiff in error, *vs.* THE JACKSONVILLE, PENSACOLA AND MOBILE RAILROAD COMPANY, defendant in error.

The agent of a foreign corporation may acknowledge service of a declaration in attachment so as to authorize a general judgment against his principal.

Attachment. Principal and agent. Corporation. Acknowledgment of service. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

For the facts of this case, see the decision.

HENRY L. BENNING ; LOUIS GARRARD, for plaintiff in error.

R. J. MOSES ; M. H. BLANDFORD, for defendant.

WARNER, Chief Justice.

The plaintiff sued out an attachment against the defendant, a foreign corporation, which was levied on its property. The plaintiff filed its declaration, founded on the attachment thus

levied, and the defendant, by its agent, made the following acknowledgment of service thereon :

"GEORGIA, MUSCOGEE COUNTY : We acknowledge due and legal service of the within declaration, and waive copy process and written notice of the pendency of the attachment and the proceedings thereon, and all further service, this 12th day of May, 1873.

"L. E. O'KEEFE, agent J., P. and M. R. R. Co."

At the trial, the court refused to allow the plaintiff to take a general judgment against the defendant on the above acknowledgment of service by its agent on the attachment declaration ; whereupon the plaintiff excepted. The plaintiff offered in evidence an instrument in writing by which O'Keefe was appointed the general and local agent of the defendant, at Columbus, Georgia, and also proved that he was acting as such agent for the defendant at Columbus when the acknowledgment of service was made by him.

It has been held by this court that a foreign corporation doing business in this state, may be sued by service of process on its agent located here and transacting its business, and in our judgment such agent may acknowledge service of the writ and waive process : See section 3369 of the Code. If a foreign or domestic corporation, may be sued by service of process on its agent, it would seem to follow that such agent may acknowledge service of the writ and waive process, the more especially when, as in this case, the defendant does not dispute the agent's authority to do so. It was, therefore, error in the court in refusing to allow the plaintiff to have a general judgment entered against the defendant on the statement of facts contained in the record.

Let the judgment of the court below be reversed.