## HILLS v. RICHMOND & D. R. Co.

*(Circuit Court, N. D. Georgia. June 16, 1888.)*

1. COURTS—JURISDICTION—CARRIERS—INJURIES TO PASSENGERS.
   A railroad company, whose road extends from Atlanta, Ga., through South Carolina to Charlotte, N. C., the office of its division superintendent being in Atlanta, may be sued in the Georgia courts by a citizen of Georgia, for personal injuries received while traveling on its road in South Carolina, especially where it appears that the train on which the accident happened was being operated under the superintendent's control.

2. RAILROAD COMPANIES—ACTIONS—SERVICE OF PROCESS.
   Under Code Ga. § 3407, which provides that the lessee of a railroad shall be liable to suit of any kind in the same court or jurisdiction as the lessor before the lease, service of summons in an action against a lessee railroad company by leaving a copy at the office of the superintendent in the county in which the declaration alleges were and are situate the principal offices of the lessor and lessee, is good.

*N. J. & T. A. Hammond,* for plaintiff.
*Pope Barrow* and *Jackson & Jackson,* for defendant.

NEWMAN, J. The demurrer filed in this case makes the question that the cause of action did not originate in the county of Fulton or state of Georgia, but did originate in the state of South Carolina, therefore the Georgia courts have no jurisdiction. That foreign corporations may be sued in Georgia is well settled. *Berry* v. *Railroad Co.,* 39 Ga. 554; *Insurance Co.* v. *Carrugi,* 41 Ga. 660; *Wilson* v. *Danforth,* 47 Ga. 676; *Railroad Co.* v. *Railroad Co.,* 51 Ga. 458. The qualification to this rule is stated to be that it cannot be sued for wrongs done or contracts made in another state. This is said to be decided in the case of *Bawknight* v. *Insurance Co.,* 55 Ga. 194. That was a suit on a foreign judgment against a foreign insurance company. The decision of the court is that "Georgia courts have no jurisdiction of suits *in personam* against a foreign corporation unless the contract sued on has been made in Georgia, or the Georgia agent is connected therewith within the scope of his authority as the maker of such contract." It is said by defendant's counsel that the same rule applies to torts as is here laid down as to contracts. Conceding all this, and following this decision, can it be said that the Geor-

gia agent of the Richmond & Danville Railroad, who is served here, had no connection with the cause of action? The whole record shows that E. Berkeley, who was served, was the superintendent and manager of a continuous line of railroad running from Atlanta to Charlotte, N. C., through the state of South Carolina, and that plaintiff, while aboard a train of cars running over this line, through, and while in, the latter state, was injured by what is alleged to have been the bad condition of the track. Of this track the official served was in charge as the division superintendent of the defendant corporation. Moreover, he is not merely an agent, as in the *Barknight Case;* he is a division superintendent, operating and controlling an extensive line of railroad. I do not think, conceding that the rule laid down in that case is correct, that it is applicable to the facts of this case.

It appears, in addition to this, that the plaintiff is a citizen of Georgia. Shall it be held that a citizen of this state is required to leave the principal place of transacting the business of that division of a road on which he was injured to go into another state to serve a subordinate officer who would, presumably, immediately forward papers served to the superintendent in Atlanta? I think not. The plea to the jurisdiction in this case sets up substantially the same defense as the demurrer, while the language of the plea attempts to bring the case within the case in 55 Ga., *supra.* I think the whole record, taken together, shows that the track on which the alleged accident happened, the train which was derailed, and the employes in charge of the train, were under the superintendent's charge, and consequently the matter in which the cause of action originated was within the scope of his authority as such superintendent. This view of the subject controls the further question made, —that a railroad company in Georgia can only be sued in the county where its principal office is located, or where the wrong was committed. It is a foreign corporation, the lessee of the Atlanta & Charlotte Railway. The declaration alleges that the principal office of the lessee is, and that of the lessor was, in Fulton county, Ga. Service is made by leaving a copy at the office of the superintendent in Atlanta, Fulton county, Ga. Code, § 3407; Acts 1884–85, p. 49.[1]

I think that the court has jurisdiction, and that the service is good. The demurrer to the declaration must be overruled, and the plea to the jurisdiction held insufficient. As to jurisdiction of the United States courts in cases of this character, see *Sayles* v. *Insurance Co.*, 2 Curt. 212; *Block* v. *Railroad Co.*, 21 Fed. Rep. 529; *U. S.* v. *Telephone Co.*, 29 Fed. Rep. 17.

---

[1] "The lessees of any railroad * * * shall be liable to suit of any kind in the same court or jurisdiction as the lessors or owners of the railroad were before the lease."