### GAINES *v*. BANKERS ALLIANCE.

1. It was error to treat as a demurrer a special plea to the jurisdiction and an amendment thereto, and to enter judgment thereon dismissing the plaintiff's petition.
2. Under the allegations of the petition and the amendment thereto, the court had jurisdiction of the cause of action.

Argued June 20, — Decided July 23, 1901.

Action on insurance policy.   Before Judge Reese.   Hart superior court.   September 18, 1900.

*Ira C. Van Duzer* and *C. P. Harris*, for plaintiff.
*J. H. Skelton*, for defendant.

LEWIS, J.   Mrs. Kate E. Gaines sued the Bankers Alliance, an insurance corporation of California, on a policy issued upon the life of her deceased husband.   The plaintiff alleged, among other things: "The Bankers Alliance is a corporation under the laws of the State of California, having an agency in said county at the time of bringing this suit, and had an agency in said county at the time the cause of action sued on accrued, and had an agency in said county at the time the contract was made out of which the cause of action in this case arose."   Process issued against the "Bankers Alliance Ins. Co."   Service was made on the "Bankers Alliance Ins. Co., by serving D. A. Thornton, the resident agent of said company in Hart county."   The defendant filed a special plea to the jurisdic-

tion, in which it alleged: (1) that it had not been properly served; (2) that the superior court of Hart county was without jurisdiction, but the suit should have been brought in the superior court of Fulton county, where the principal office of the company is; and service should have been made on the general agent of the company in Atlanta; (3) that process was directed to the Bankers Alliance Ins. Co., when the defendant's corporate name is the Bankers Alliance of California; (4) that the sheriff's entry showed service on D. A. Thornton, resident agent of the Bankers Alliance Ins. Co., and not the appointed attorney of the Bankers Alliance of California, to wit, B. M. Zettler of Atlanta, Ga.; (5) that the declaration failed to show jurisdiction of the cause of action alleged. After hearing argument on this plea, the court entered the following order: "After hearing the demurrer in the above-stated case as amended, it is ordered that the demurrer be sustained and the suit dismissed." To this judgment the plaintiff excepts.

1. It was clearly error for the court below to treat as a demurrer a document which was offered as a plea, and which contained throughout matter of plea and not of demurrer. Had this paper been offered as a demurrer, it would have been reversible error for the court to sustain it; for it would have been, for the most part, a speaking demurrer, introducing new averments necessary to support it, which did not appear upon the face of the petition, and as such not allowable. *Beckner* v. *Beckner*, 104 *Ga.* 219; *Teasley* v. *Bradley*, 110 *Ga.* 498 (7).

2. Under the allegations of the petition as amended, there is no doubt that the court below had jurisdiction of the cause of action. It is provided by the Civil Code, § 2145, that "Whenever any person may have any claim or demand upon any insurance company having agencies, or more than one place of doing business, it shall be lawful for such person, or persons, to institute suit against said insurance company within the county where the principal office of such company is located, or in any county where said insurance company may have an agency or place of doing business, or in any county where such agency or place of doing business was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose." The following section prescribes how service shall be perfected upon non-resident insurance companies; and it appears that there was a strict compliance on the part

of the plaintiff with the provisions of both these sections. It is contended, however, that service should have been perfected in accordance with the Civil Code, § 2057. There is no conflict between this section and section 2145. Section 2057 merely requires insurance companies doing business in this State to file with the insurance commissioner a written power of attorney appointing some person who shall be authorized to acknowledge service for such company, or upon whom process may be served, and is entirely compatible with the provisions of section 2145 – 6, referred to above. Nor is there anything in conflict with this position in the case of *Atlanta Accident Assn.* v. *Bragg,* 102 *Ga.* 748. The petition in that case alleged that the corporation " had an agent and transacted business [in the county where the suit was brought], and now has such agent and transacts such business in said county." This court drew a distinction between having an agent in the county where the suit was brought, and having an agency there, and decided that an allegation in the petition to the effect that the company sued had an agent and transacted business in the county in which it was filed was insufficient to show jurisdiction of the cause of action. The question now under consideration was squarely decided in the case of *Merritt* v. *Insurance Co.,* 55 *Ga.* 103, where this court held: " Suit may be brought against an insurance company on any claim or demand, in any county where said insurance company may have an agency or place of doing business, which was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose."

We are not called upon to decide whether the defendant was properly served. The allegation in the defendant's special plea seeking to make this point was not verified by affidavit nor substantiated by evidence sent up with the record. At all events, the misnomer seems to be one which can readily be cured by amendment. We send the case back for another trial, because the court erred in treating the defendant's plea as a demurrer and dismissing the case thereon, and because the court plainly had jurisdiction to try and determine the cause of action.

*Judgment reversed.     All the Justices concurring.*