## EXPORT INSURANCE COMPANY *v.* WOMACK.

Where a suit is brought in the city court of Richmond County upon a
policy of insurance issued by a company which was not organized under
the laws of this State, and which has no agency or place of doing busi-
ness in the State, but which is transacting business here under the pro-
visions of section 2446 of the Civil Code of 1910, and which (in ac-
cordance with such provisions) has appointed a resident of Fulton Coun-
ty to acknowledge or receive service of process for and in behalf of the
company in all proceedings that may be instituted against it in any
court of this State; and where service is perfected upon the company
by having the sheriff of Fulton County leave with such resident of the
county, personally, in that county a copy of a second original of the
petition and process of the suit; and where the company did not have
an agency or place of doing business in Richmond County, either at the
time the contract sued on was made or at the time the cause of action
accrued, or at the time when the suit was instituted (the above-referred
to resident of Fulton county being the only agent of the company in
this State upon whom service of the process in the suit could be made);
and where the petition fails to show in what county the contract was
made, or where the loss sued for occurred, or where the plaintiff re-
sided, the city court of Richmond county has jurisdiction of the suit.

No. 6036.    FEBRUARY 16, 1928.

The Court of Appeals (in Case No. 17994) requested instruc-
tion from this court upon the following question: "Where a
suit is brought in the city court of Richmond County upon a policy
of insurance issued by an insurance company which was not or-
ganized under the laws of this State, and which has no agency
nor any place of doing business in the State, but which is trans-
acting business here under the provisions of section 2446 of the
Civil Code of 1910, and which (in accordance with such pro-
visions) has appointed a resident of Fulton County to acknowl-
edge or receive service of process for and in behalf of the com-
pany in all proceedings that may be instituted against it in any
court of this State; and where service is perfected upon the com-
pany by having the sheriff of Fulton County leave with such resi-
dent of the county, personally, in the County of Fulton, a copy of
a second original of the petition and process of the suit; and where
the company did not have an agency or a place of doing business
in Richmond County, either at the time the contract sued on was
made or at the time the cause of action accrued, or at the time

Courts, 15 C. J. p. 986, n. 60.
Insurance, 33 C. J. p. 156, n. 13.
Statutes, 36 Cyc. p. 1114, n. 96.

when the suit was instituted (the above-referred to resident of Fulton County being the only agent of the company in this State upon whom service of the process in the suit could be made) ; and where the petition fails to show in what county the contract was made, or where the loss sued for occurred, or where the plaintiff resided, has the city court of Richmond County jurisdiction of the suit?"

*Smith, Hammond & Smith* and *Hull, Barrett & Willingham,* for plaintiff in error.

*W. Inman Curry,* contra.

RUSSELL, C. J. We think the question of the Court of Appeals should be answered in the affirmative. It is of course a fundamental rule of common-law jurisprudence, requiring no citation of authority, that a personal judgment can not be rendered against a defendant non-resident of the State, unless the defendant or agent of the defendant can be found and served within the geographical limits of the jurisdiction of the court. This is perhaps as strong a statement of common-law rule as can be made. However, it must be borne in mind that this rule has been subjected to so many statutory changes that the real question before us is, what is the true law of Georgia as to the question propounded? Under the provisions of section 2563 of the Civil Code (1910), "Whenever any person may have any claim or demand upon any insurance company having agencies, or more than one place of doing business, it shall be lawful for such person to institute suit against said insurance company within the county where the principal office of such company is located, or in any county where said insurance company may have an agent or place of doing business, or in any county where such agent or place of doing business was located at the time the cause of action accrued, or the contract was made out of which said cause of action arose." This section was taken from Acts 1861, p. 58; Acts 1862-63, p. 161; Acts 1878-79, p. 54; Acts 1902, p. 53. This legislation was certainly an innovation of the common-law rule to which we have referred; and though Mr. Justice Evans dissented, the majority of this court held, in the opinion delivered by Mr. Chief Justice Fish in *Jefferson Fire Ins. Co.* v. *Brackin,* 140 *Ga.* 637 (79 S. E. 46), that the Code section applies alike to all insurance companies doing business in this State, domestic as well as foreign, and that in an

action brought against a foreign insurance company on a fire policy in the superior court of the county wherein an agent and place of doing business were located when the policy was issued and the cause of action arose thereon, there being no agent or place of business in such county at the time the suit was filed and service was perfected on a named person resident in another county of the State to acknowledge or receive service of process, and a second original and process was served on this agent resident in another county, this constituted legal service, and that a motion to dismiss the case for want of lawful service was properly denied. The court distinguished that case from the ruling in *United States Casualty Co.* v. *Newman*, 137 *Ga.* 447 (73 S. E. 667), in which this court, in response to a certified question from the Court of Appeals, held that there was no necessity or authority for the issuance of the second original under the facts stated in the question; and that, the person who was the agent of the company having ceased to represent it as its agent prior to the bringing of the suit, service upon him was entirely nugatory. However, in its answer to the question this court recognized the doctrine of the rule stated in *Devereux* v. *Atlanta Railway & Power Co.*, 111 *Ga.* 855 (36 S. E. 939), in which this court held that "The sole jurisdictional fact being the place of the origin of the cause of action, and the statute not superadding the further fact of the residence of an agent as one requisite to jurisdiction, it must be held that the scheme of the law is to make the jurisdiction exclusive in the county where the cause of action originates when there is such residence, but elective when there is not."

Under the facts stated in the question, it is very plain that the provisions of section 2563 can not be applied to the suit of the plaintiff in this case. The provisions of that section refer only to persons having a claim or demand "upon any insurance company having agencies or more than one place of doing business." The company to which the present question refers has no agency and no place of doing business in this State or any principal office located in this State. Section 2446 provides: "Any insurance company not organized under the laws of this State, desiring to transact business in this State, shall file with the insurance commissioner a written instrument or power of attorney, duly signed and sealed, appointing and authorizing some person, who shall be

52

a resident of this State, to acknowledge or receive service of process, and upon whom process may be served, for and in behalf of such company, in all proceedings that may be instituted against such company in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company; and such instrument shall further provide that the authority of such attorney shall continue until revocation of his appointment is made by such company by filing a similar instrument with said insurance commissioner, whereby another person shall be appointed as such attorney: Provided, however, that the provisions of this section shall not be construed to alter or amend the laws now of force in this State relative to bringing suits and serving process on foreign corporations doing business in this State." The section was taken from an act passed in 1887 (Ga. L. 1887, p. 123). We are of the opinion, in view of the fact that section 2563 (taken originally from the act of 1861) made no provision for such instances as that now before us and there was no other provision in the Code to cover such a case, that it was the purpose of the General Assembly in the passage of this provision of the act of 1887 to fix the venue of actions against foreign insurance companies having no agency or place of business in this State "in any court of this State, or any court of the United States in this State," "in all proceedings that may be instituted against" it in this State. To use the precise phrase used by Mr. Chief Justice Simmons in the *Devereux* case, the scheme of the law was to make jurisdiction elective where there is no resident agent within the State.

"A foreign insurance company which fails to maintain an agency does not, by appointing, or having the commissioner of insurance to appoint, an agent upon whom service may be perfected under the Civil Code, § 2057 [now § 2446], acquire a fixed residence in the county of such agent's residence." *Equity Life Association* v. *Gammon*, 119 *Ga.* 271 (3) (46 S. E. 100). So the question presents a case where, as insisted by plaintiff in error, there is no other provision fixing the venue of the action, unless it be held that the suit must be brought in the county of the residence of the agent named by the company and appointed by the

insurance commissioner, or a person who has a demand against a non-resident insurance company which has no agency or place of doing business in the State has the option to bring his suit in any court in any county in the State. Under the ruling in the *Gammon* case, since the foreign company acquired no residence in the county in which its nominated agent resides, one who has a claim or demand against an insurance company may nevertheless bring his action in that county, but it is, after all, a matter of his own election; and so why may not the plaintiff as well select Richmond County and the city court of Richmond County as the superior court of that county? Section 4 of the Civil Code requires that words shall be given their ordinary signification. If we simply transpose the portion of section 2446 which relates to jurisdiction, the meaning seems plain. "In all proceedings that may be instituted against . . any insurance company not organized under the laws of this State" "in any court of this State, or any court of the United States in this State," "service of process upon any agent or attorney appointed shall be taken and held to be as valid as if served upon the company." It is provided that "the provisions of this section shall not be construed to alter or amend the laws now of force in this State relative to bringing suits and serving process on foreign corporations doing business in this State." Construing section 2446, as we do, to confer the right upon one who has a just claim against such company, in a case where a non-resident insurance company has no place of business or an agent in the State, to bring his suit in such county as the person having the right of action may elect, does not conflict with any provision previously in force in this State upon this subject. It is provided in section 2542 of the Code (1910) that "It shall not be lawful for any insurance company, association, or partnership incorporated by or organized under the laws of any other State of the United States, for any of the purposes specified in this section, directly or indirectly to take risks or to transact any business of insurance in this State, by any agent or agents in this State, until it shall first appoint an attorney in this State on whom process of law can be served, and file in the office of the insurance commissioner a written instrument, duly signed and sealed, certifying such appointment, which shall continue until another attorney be substituted, *and any process issued by any court of*

*record of this State,* and served upon such attorney by the proper officer of the county in which such attorney may reside or may be found, shall be deemed a sufficient service of process upon such company, but service of process upon such company may also be made in any other manner provided by law." So this court, in *Gaines* v. *Bankers Alliance,* 113 *Ga.* 1138 (39 S. E. 502), held that there was no conflict between the provisions of section 2446 and section 2563.

It is very plain that it is within the contemplation of section 2542 that there might be instances in which persons might have demands against a foreign corporation which might not have any resident agents here who might cease to have a place of business or agency which formerly existed. For that reason they are forbidden to take risks or to transact any business until they appoint the attorney referred to in section 2446, and section 2542 then prescribes that "any process issued by any court of record of this State," served upon such attorney not only by the proper officer of the county in which the attorney may reside, but also the proper officer in any county in which he may be found, shall be deemed a sufficient service. We bear in mind the distinction between jurisdiction arising from the fixing of the venue ·and the jurisdiction sometimes acquired by mere service upon a non-resident. Sections 2446 and 2542 provide for both. Section 2258, taken from the act of 1845 (Cobb's Digest, 475), prescribes the rule as to service upon corporations generally. "Service of all subpœnas, writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." Section 2259 declares that any corporation chartered by this State may be sued on contracts in the county in which the contract sought to be enforced was made or is to be performed, if it has an office or transacts business there. It will be noted that section 2259 relates solely to domestic corporations. The case at bar involves a foreign corporation. Section 2258 has been applied to

foreign corporations doing business in this State and having agents located therein in the same manner as domestic corporations. *Reeves* v. *Southern Rwy. Co.*, 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), and cit., in which it was held that it was immaterial whether the plaintiff be a non-resident or resident of this State. See also *Georgia So. R. Co.* v. *Bigelow,* 68 *Ga.* 219. In *Atlantic & Gulf R. Co.* v. *Jacksonville &c. R. Co.,* 51 *Ga.* 458, it was held that the agent of a foreign corporation may acknowledge service of a declaration in attachment, so as to authorize a general judgment against his principal.

But the question presents a case in which there is no agent of the foreign defendant. The situation here presented is somewhat similar to that presented in *Devereux* v. *Atlanta Railway & Power Co.,* supra, when the court had before it the construction of section 2334 of the Code of 1895 (2798 of the Code of 1910). That section requires all suits against railroad companies to be brought in the county wherein the cause of action originates; but if the cause of action arises where there is no agent, then service may be perfected by the issuance of a second original copy to be served on the company in the county of its principal office or place of business in this State; if none, then on any agent of such company, etc. This court held: "The sole jurisdictional fact being the place of the origin of the cause of action, and the statute not superadding the further fact of the residence of an agent as one requisite to jurisdiction, it must be held that the scheme of the law is to make the jurisdiction exclusive in the county where the cause of action originates when there is such residence, but elective when there is not." And so in the present case, inasmuch as section 2446 of the Code does not prescribe "the residence of the agent as one requisite to jurisdiction," and the company does not acquire residence in the domicile of its agent (*Gammon* case, supra), it must be held that the scheme of the law is to make jurisdiction elective when no jurisdiction is by law provided. This ruling as to railroad companies was applied to insurance companies in *Jefferson Fire Ins. Co.* v. *Brackin,* supra, in which the court held that "there is a necessity," as was held in *Devereux* v. *Atlanta Railway &c. Co.,* supra, that service be perfected by the issuance of a second original, as was done in the present case. In the case at bar, under the facts stated the plaintiff, who was

given by law the right to bring his suit in any court of this State, would be debarred of all right of recovery had not the legislature seen the "necessity" of a provision to cover an existing gap in the law.

It is perhaps true that the precise point has not been directly presented to this court for adjudication, but the views of Mr. Justice Lamar in *Equity Life Association* v. *Gammon,* supra (to use the thought of a former distinguished member of this court), even if obiter, correctly construe section 2446. In the *Gammon* case the contract was made in Carroll County and the suit was brought there, and the agent who resided in Floyd County acknowledged service, and it was held that the court of Carroll County had jurisdiction to try the case. The decision was placed largely on the fact that, the company being a non-resident, jurisdiction was acquired by the court of Carroll County because the agent was served in Carroll County; following several decisions of this court that, even as to individuals non-resident in this State, jurisdiction may be acquired wherever such non-resident is found and served with a copy of the petition and process. Mr. Justice Lamar starts with the proposition: "The contract having been made here, and the company being suable in this State, the only question to be determined is where that suit shall be brought. There being no agency, and therefore no venue fixed under the Civil Code, § 2145 [§ 2563 of Code 1910], the company is to be treated as a non-resident and suable here wherever it can be found. Compare Civil Code, § 4954; *National Bank* v. *Southern Co.,* 55 *Ga.* 39; *City Fire Ins. Co.* v. *Carrugi,* 41 *Ga.* 660; *E. T., V. & Ga. R. Co.* v. *Williams,* 90 *Ga.* 520 [16 S. E. 303]. It is found wherever service can be perfected on its authorized attorney, and this is wholly independent of such attorney's residence. The statute declares that the agent may acknowledge service of process in behalf of such company in all proceedings that may be instituted against such company 'in any court in this State'—not in any court of the county in which he resides. When Printup acknowledged service of a suit in Carroll county, there is enough on the record to show that the company was found in that county. In Stone *v.* Travelers Ins. Co., 78 Mo. 655, under a statute with provisions practically identical with those contained in the Civil Code, §§ 2058, 2059 [§§ 2447, 2448, Code of 1910], a suit was brought

against a non-resident company in Linn county. The writ of summons was directed to the sheriff of St. Louis (which by a statute is placed upon the same footing as a county), and there served upon the agent designated by the statute. It was ruled that 'Suits against foreign insurance companies are not required to be brought in the county in which the agent appointed . . to receive service of process resides. They may be brought in any county in the State; and if the agent lives in another county, the writ is to be directed to the sheriff of the latter county.' Hough, C. J., said: 'The sheriff of Linn county has no general power to serve process beyond the limits of his county, and there is no special provision, in cases like the present, authorizing the sheriff to serve process in any other county. As the section quoted authorizes process issued by any court in this State to be served upon the agent or attorney of the foreign insurance company appointed to receive service, such agent may, of course, be served wherever found in this State.' Compare Civil Code, § 4989; *Mitchell* v. *S. W. R. R., 75 Ga.* 404. The case of N. Y. &c. R. R. *v.* Estill, 147 U. S. 591 [13 Sup. Ct. 444, 37 L. ed. 292], is much in point; for suit was brought against a foreign corporation in Saline county, and process was served upon an agent in St. Louis, by the sheriff of St. Louis. It was held that the service was good, 'and that the defendant was within the provisions of the Missouri statute which made non-residents suable in any county of the State,' the ruling in the Stone case being cited and followed. So in People *v.* Justices, 11 N. Y. Supp. 773, it appeared that a foreign corporation was liable to suit in the State of New York. Action was brought against it in the city court of New York, and service made upon the superintendent of insurance, who had an office in Albany. The court said (Daly, J.): 'Ordinarily, a summons in an action in the city court of New York can not be served without the city of New York, but an exception was evidently intended by the legislature in the case of actions against foreign insurance corporations: for the city court is given jurisdiction of such actions, and the legislature has provided that process against such corporations may be served upon the superintendent of insurance. This officer has his office in Albany, and there the process must be served upon him. We must conclude, therefore, the legislature intended city court process to be served upon him there.' And in

Boyer v. Northern Pacific Ry. Co., [8 Idaho, 74] 66 Pac. Rep. 826, it was held that a foreign corporation does not acquire a fixed residence in the State by designating an agent upon whom process may be served under the provisions of section 2635 of the revised statutes of that State, which requires the company to designate such agent.

"In the multiplication of corporations, and the increase of their business beyond the limits of the parent State, conditions arose which demanded a modification of the old rulings that as they could not migrate, neither could they be sued, except where incorporated. It was a mere fiction that they could not migrate, for in fact they did business, entered into contracts, made profits, maintained agencies, and had agents in foreign States. They were there present in the person of the agent; and if there for the purpose of doing business, they were also there present in his person for the purpose of being sued. In going into the foreign State for the purpose of doing business it at the same time submitted itself to the jurisdiction of its courts in suits arising out of contracts made in the course of such business. There is, then, no question of jurisdiction, but only one of venue and service, to be determined by the laws of the State applicable to those subjects. They can be sued in the counties in which they maintain agencies; or if none, then in any county where they may be found in the person of the agent. Civil Code, §§ 4954, 1899. If a foreign insurance company maintains an agency, the Civil Code, § 2145 [2563], requires that suit be brought in the county in which such agency is located; but where there is no agency, it sets the matter at large, and the courts of any county in which the company may be found, or in which service may be lawfully perfected, have the power to determine the liability of the company on the contracts here made. If the case is not to be governed by section 2145 [2563], it falls under the broad provisions of section 2057 [2446], requiring the company in the first instance to appoint, and authorizing the commissioner in the second instance to name, a successor ' to acknowledge or receive service of process, and upon whom process may be served, for and in behalf of such company, in all proceedings against such company, in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney ap-

pointed under the provisions of this section shall be taken and held to be as valid as if served upon the company.' Section 2058, in providing for the appointment of a successor, declares that the appointment 'shall be as valid as if made by the company,' and that 'service of process as aforesaid, issued by any such courts as aforesaid upon any such attorney appointed by the company or by the insurance commissioner, shall be valid and binding, and be deemed personal service upon such company so long as it shall have any obligation or liabilities outstanding in this State, although such company may have withdrawn, been excluded from, or ceased to do business in this State.' "

That portion of the act of 1887 now embodied in section 2446 of the Code is practically very similar to section 3481 of the revised statutes of Missouri of 1879, in which it is provided that suits instituted by summons except as otherwise provided by law shall be brought in five specified ways, the fourth of which is that "when all defendants are non-residents of the State suits may be brought in any county." In the case of N. Y. &c. R. Co. v. Estill, 147 U. S. 591 (supra), the statute of Missouri just mentioned came up for review by the Supreme Court of the United States, and it was held that the principle applicable in such circumstances as appear from the question now before "is that if the corporation does business in the State it will be presumed to have assented to the statute and will be bound accordingly." Proceeding, the court says: "It is provided by § 3481 of the Revised Statutes of Missouri of 1879, that suits instituted by summons shall, except as otherwise provided by law, be brought in five specified ways, the fourth of which is that 'when all the defendants are non-residents of the State, suits may be brought in any county.' [Citing authorities.] . . If, under § 3481, suit may be brought against non-residents in any county, regardless' of the county in which the defendants may be found, it follows necessarily that the court in which the suit is brought may send its summons to the county in which service can be obtained upon such non-residents." The court also pointed out that the rulings of the Federal courts agreed with the rulings of the Missouri courts, citing a number of authorities, and held that the defendant was a non-resident of Missouri, that the suits were properly brought against it in Saline county, and that service of process was properly made under sub-

division four of section 3481. It thus seems clear, both under the decision of the Supreme Court of the United States and the previous rulings of this court, that the plaintiff had the right to bring his action in the city court of Richmond county; and the question of the Court of Appeals is answered in the affirmative.

*All the Justices concur.*