McCAY, J.
1. We fully recognize the principle, laid down in Dearing, v. The Bank of Charleston, 5 Georgia, 497. A non-resident cannot be made a party defendant to a personal action, unless he be served with process. But nothing is better settled, than, that non-residence is no defense, if the defendant have been legally served with process. If he have been present in the State, though only as a mere passer through, and be served with process, the Court undoubtedly has jurisdiction. A foreign corporation stands upon the same footing. Though it derives its existence from the law of the State creating it, yet it may contract anywhere: Bank of Augusta v. Earle: 13 Pet., 521. It is recognized as a party capable of suing in any Court, even beyond the jurisdiction of the State creating it: Angel & Ames, secs. 273, 372. Nor is there any reason why it should not be liable to suit, in a foreign jurisdiction, to the same extent and under the same circumstances as an individual. Although there has been some dispute upon this doctrine, yet it is now pretty generally settled: Angel & Ames on Corporations, secs. 402-407.
The only difficulty in the way is a practical one. By the common law process. against a corporation must be served upon its President or principal officer: Angel & Ames; sec. *404; and it is doubted if he can carry his functions as principal officer with him, by a mere accidental visit to •another jurisdiction. If a company were to locate an office in another State, and its principal officer were to do.business there, there could be no question upon his liability to be served. Nor is it any inherent, fundamental qualitv in a corporation, that process against it shall be served upon its principal officer. It is mere matter of municipal law, that the State may change at pleasure. We grant to these foreign corporations the right to do business here. We permit them to open offices here. We protect them in the property they hold here. We open our Courts to them for the enforcement of the claims they have upon our citizens. Is it hard, or a violation of principle, that they should be put upon the same footing, as to actions against them, as our own corporations? Section 3293 of our Revised Code, is as follows : Service of all bills, subpoenas, writs, attachments, and other original process, necessary to the commencement of a suit against any corporation in any Court of law or equity, except as hereafter provided, may be perfected by serving any officer or agent of the corporation, or by leaving the same at the place of transacting the usual business of the corporation, if any such place of business shall be within the jurisdiction of the Court in which suit may be commenced.”
Ordinarily, the Court of the county where the original office is *672 located is the residence of the corporation in' this State. But a suit brought there, may be served by serving any officer or agent there, or by leaving a copy, as provided.
Why should a foreign corporation not stand upon the same footing, and be served in the same way ? It locates an office here. It appoints an agent here. It makes contracts here, through that agent. In our judgment, it may be made a defendant to a suit here, and may be served, by serving its agent, just as a Georgia corporation may.
2. We see no material error in the Court, in striking the plea. The matter set up was only a denial of material charges in the declaration, and the Court permitted the evidence relating to the point covered by the stricken plea to go *to the jury under the general issue. We are inclined to think the plea ought not to have been stricken.
Under our system of sending the whole case to the jury, on the declaration and pleas, without a.replication, we think it best that the pleas should go somewhat into detail. This, however, is mere matter of practice, which is in the discretion of the Court, so that he denies no right to the defendant.
3. The points made upon these two sets of interrogatories are not very clearly set forth in the bill of exceptions. The witness answers that she does not fully understand English, but it does not appear that the Commissioners do not understand her language. It is the business of one excepting to evidence to state his objections, and to show, affirmatively, that the case he makes is true. It is very possible, nay, probable, if the fact be that this witness could not understand or speak English, that the Commissioners nevertheless fully understood her and she them. They have so certified to the Court; for they have stated she answered so and so, to such and such questions. . It will not be presumed that they made this certificate when in fact they knew nothing about it.-
4. By section 3821, paragraph 4, of the Code, female witnesses may be examined by interrogatories. If they be present in Court, and it is demanded by either party, that the witnesses shall be examined orally, we think that ought to be done. But a party cannot complain if he has not made the demand. The record does not show1 that this was done- Indeed, it does not appear that the witness was present when the interrogatories were read. The bill of exceptions must show affirmatively a state of facts constituting error, as this Court will not presume the Court below has erred.
5. We see nothing in the objection to the admission of the list. Suppose there were articles upon it not covered by the policy. It only purported to be a list of what was lost at the fire, not a list of what the defendants were to pay for. The jury could *673 not be misled. The list and the policy were both ¡bfefore them.
*6. Ordinarily, the solvency or insolvency of the insured has nothing to do with the risk. The title to the property is- the same, and his legal interest the same, whether he be solvent or insolvent. The legal presumption, if there are liens upon the property, or if the owner is in debt, is that he will take care of it, as a means of discharging his debt. His loss is the same whether he be solvent or insolvent. The property does not belong to the creditor, nor does he loose anything by its destruction.
7. If this were a Georgia charter, perhaps the insured would be bound to notice this clause of it. since by our law all Acts of the Legislature are -public laws: Revised Code, section. 3762. Though much might be said in favor of the idea that the intent of this section is only to prescribe that the Courts will notice private acts judicially, without proof of their existence', as was required at common law. But this, is a charter of another State, and is only recognized here on proof of its existence and contents. It is true, as a general rule, that a corporation can only make such contracts as its charter authorizes. Buf a corporation is constantly held liable for acts and contracts not permitted by its 'charter. Its agents mav commit torts and the corporation be responsible for them. They may do illegal acts and the corporation be held to account. The general rule would seem to be that of a corporation, in the exercise of a .franchise not granted to it by the Legislature, makes a contract or does an act, they may plead their want of authority, on the ground that the Courts will not interfere to grant redress between two persons engaged in an illegal enterprise. But if the contract be within the scope of the franchise, but fail to conform to the regulations prescribed by the charter for the guidance of its officers and the protection of the rights of the members as to each other, the corporation may be held liable, under the general rule of law as to agents, estoppel, waiver, etc. See the case of Hablehurst v. The Griffin & North Alabama Railroad, at this term. This condition of the charter is different from the ordinary practice of Insuranee Companies. *This requirement is unusual. It is an exception to the ordinary commercial usage.
When this company proposed to do business here, as an insurance company, it is presumed to have known the law, and especially the ordinary law which regulates the duties of the insured, according to the usage of the commercial world. If they undertake to act exceptionally, to insure on some unusual rule, they must make it known.
Dealers with their agents have a right to presume that they conform to the usual rules: Code, sections 2168, 2173. There is no pretence that -the insured had notice of this peculiarity of the charter. It was not referred to-, or made one of the conditions of the policy.
*674 8. We adhere to the rule we laid down in the case of Carrugi v. Atlantic Fire Insurance Company, 40th Georgia Reports, 135. If, in fact, this agent was notified, and that was a question of fact for the jury, the failure to have it endorsed on the policy is not a conclusive bar to the plaintiff’s right. It is very well to have these endorsements made. It is very well to have all things to be proven put in writing, and this is true, as a general rule, in all human transactions. Parol evidence is uncertain, but the law does permit certain things to be proven by parol, and laws of evidence are not in the control of individuals.
It would be a fraud to take a man’s money, with a full knowledge of the facts, and then set up that a particular mode of proving the fact, agreed upon by the parties, but not required by law, had not been resorted to. The receipt of the money and the issuing of the policy, is a waiver of the endorsement, even if it be admitted that parties may, by their contract, agree as to how any particular fact shall be proven.
Judgment affirmed.

INSURANCE—AGENTS.—'Generally, what takes place in parol may be proved by parol. Here was a parol communication, made by the insured to the agent of the insurer. The law did not require it to be made in writing, nor did the contract between the parties so require. When th'e question arises in court whether it was made or not, why may not the parol act of making it be proved by parol evidence? We think it may be done, and so rule—Carrugi v. Atlantic Fire Ins. Co., 40 Ga. 135; City Fire Ins. Co. v. Carrugi, 41 Ga. 660. The agent was not merely empowered to receive applications, but to make contracts. The ;company he represented was not a corporation of this state. It was present here by him, and his acts and omissions were its acts and omissions. 'Representations made to him in the regular transaction of business, were made to it. Mobile Fire Dept. Ins. Co. v. Coleman, 58 Ga. 255.
PRIOR INSURANCE—NECESSITY FOR WRITING.—Although a policy of fire insurance stipulated that “the existence or subsequent procurement of other insurance on the property hereby insured” would, “unless specially agreed to in writing in or upon this policy,” avoid the contract embraced therein, yet if the agent of the company at the time of issuing the policy in fact knew of the existence of prior insurance upon the property, the policy was not void because the company’s consent to the prior insurance was not expressed in writing in or upon the policy as required by the stipulation above mentioned. Carrugi v. Atlantic Fire Ins. Co., 40 Ga. 135; City Fire Ins. Co. v. Carrugi, 41 Ga. 660; Greenwich Ins. Co. v. Sabotnick, 91 Ga. 719, 17 S. E. Rep. 1026. See also, Clay v. Phœnix Ins. Co., 97 Ga. 44, 25 S. E. Rep. 417; Phœnix Ins. Co. v. Searles, 100 Ga. 97, 27 S. E. Rep. 779; Swain v. Macon Fire Ins. Co., 102 Ga. 96, 29 S. E. Rep. 147.
Consent to additional insurance need not be expressed in writing or indorsed upon the face of the policy, notwithstanding such a stipulation as that contained in this policy. Notice of an intention to get the additional insurance and consent thereto by the agent of the company is, in the absence of fraud, sufficient to justify the insured in procuring such insurance. Carrugi v. Atlantic Fire Ins. Co., 40 Ga. 135; City Fire Ins. Co. v. Carrugi, 41 Ga. 674. The insured, however, must see to it that the person to whom the notice is given or whose consent he relies upon, is authorized to represent the company whose policy he holds. Greenwich Ins. Co. v. Sabotnick. 91 Ga. 719, 17 S. E. Rep. 1026.
The general principle that legal rules of evidence are not controllable by mere stipulation or contract, is a settled question with us. Carrugi v. Ins. Co., 40 Ga. 141; Ins. Co. v. Carrugi, 41 Ga. 674; Ins. Co. v. Coleman, 58 Ga. 255; Travelers Ins. Co. v. Sheppard, 85 Ga. 803-804, 12 S. E. Rep. 18.