ELIAS BAWKNIGHT, plaintiff in error, *vs.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, defendant in error.

Georgia courts have no jurisdiction of suits *in personam* against a foreign corporation, unless the contract sued on has been made in Georgia, or the Georgia agent is connected therewith, within the scope of his authority as the maker of such contract.   The remedy on the foreign contract or judg-

Bawknight *vs*. The Liverpool and London, etc., Company.

ment is *in rem*, by attachment or garnishment. Such remedy will reach all the property belonging to the foreign corporation in Georgia; and it would be unreasonable, by construction, to extend the statutes of Georgia to embrace suits *in personam* beyond contracts made by the agents in our midst, and with which they are familiar, and which they will know how to defend.

Foreign corporations. Actions. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1875.

Reported in the opinion.

HARTRIDGE & CHISHOLM, for plaintiff in error.

JACKSON, LAWTON & BASINGER, for defendant.

JACKSON, Judge.

The defendant is a corporation chartered by Great Britain, and having an agency in Savannah, Chatham county, Georgia. A judgment was obtained against it by the plaintiff, in Florida, and suit on this judgment was brought in the superior court of Chatham county. A motion was made by the defendant to dismiss it on two grounds: 1st. Because the superior court of Chatham county had no jurisdiction of the cause, (the motion on this ground having been made at a prior term, before Judge Schley, and refused by him, and excepted to *pendente lite*, and is here for review;) 2d. Because the judgment sued on was fraudulent on its face. The court granted the motion and dismissed the suit, the plaintiff excepted, and this dismissal of the suit is the error complained of.

The first question is, has the superior court of Chatham jurisdiction of such a suit. This depends upon the construction of our statutes. The general rule is that a corporation can be sued only in the place where it was created—within the jurisdiction where it was born, and where its principal place of business is located. Has that rule been changed by our Code in respect to foreign corporations having agents in our midst, and to what extent? Foreign corporations are recognized by us on the principle of comity: Code, section

1675; and if a domestic corporation, it may be sued wherever it has an agent who transacted its business and made contracts for it, and service upon such agent is good service: Code, section 3369. This corporation is an insurance company, and the statute provides that such companies may be sued at their principal place of business, or at any place where they have an agent or had one when the cause of action arose; and service upon the agent is declared to be good service: Code, sections 3408, 3409. These sections appear to apply to domestic corporations; but this court has held them applicable also to foreign corporations having agencies in Georgia and doing business here, and has construed them to give our courts jurisdiction in certain cases of suits to be instituted *in personam* against such companies: *City Fire Insurance Company of Hartford vs. Carrugi*, 41 *Georgia Reports*, 660, and *National Bank of Augusta vs. The Southern Porcelain Manufacturing Company*, decided at this term. But these cases arose out of contracts made here by agents in Georgia.

We are not aware of any case which has decided that a foreign corporation may be sued *in personam* here on a foreign judgment, or on a contract or debt of any sort with which the Georgia agency has had no connection. It would be strange if such were the law. A debt created in England by this English corporation could then be sued here; a debt made in China might be sued *in personam* here, where this corporation is allowed to live only for certain purposes, instead of being sued at home, where it lives for all purposes. There is good reason for so restricting the statute. The agent in Georgia might be able easily to defend a Georgia contract, where he had made or supervised it, where all the witnesses lived, and were accessible to him; but it would be difficult for him, nay, impossible, to defend an English or a Chinese contract without great hazard and expense; and for the very reason that he could not well and readily defend such a contract, suit would be brought upon them here, judgment *in personam* be rendered, and then suit on that brought at the

Bawknight *vs.* The Liverpool and London, etc., Company.

home office, and it be concluded without opportunity to defend on the merits.

If it be replied that such a corporation might have assets, property, in Georgia, which can be reached only in Georgia, the answer is that a suit *in rem* will bind all that and harm nobody. Such a judgment will enable the creditor *to* reach all the property in Georgia in the hands of the corporation or in other hands. Attachment and garnishment will reach all: *Wilson vs. Danforth,* 47 *Georgia Reports,* 676. It is true that in the case just cited, Judge McCay intimates that such suit, begun by attachment or garnishment, might open into a suit *in personam* by service upon the agent; but it is *obiter dictum,* and the expression was used simply suggestively and argumentatively.

On the whole, there is no statute expressly authorizing suit against a foreign corporation *in personam* in Georgia, we think. By construction and upon reason the statute designed for domestic corporations, has been extended to suits against them; but hitherto, the construction has been applied only to contracts made by agents here among our own people. The reason for the rule ceases when it is sought to apply such construction to a foreign judgment so as to allow it to be sued *in personam* here; and the reason ceasing, we think the application of the wide construction of the statute should also cease. As this view will dispose of this case we deem it unnecessary to consider the other point or to express an opinion thereon. The judgment is affirmed, because the court below should have dismissed the bill when the motion therefor was made before his honor, Judge Schley, at the previous term, and to which ruling exceptions *pendente lite* were filed and are here for adjudication, this court not passing upon the reasons given by Judge Tompkins for dismissing the case, but affirming the act of dismissal, because it should have been previously done, the court having no jurisdiction of the case *in personam.*

Judgment affirmed.