## LOUISIANA STATE RICE MILLING COMPANY INCORPORATED v. MENTE & COMPANY INCORPORATED.

Nos. 8236, 8237. JUNE 11, 1931. REHEARING DENIED JULY 16, 1931.

*Monroe & Lemann* and *Hitch, Denmark & Lovett,* for plaintiff.
*Adams, Adams & Douglas,* for defendant.

GILBERT, J. Suit in equity was brought by Louisiana State Rice Milling Company Inc., a Louisiana corporation, which was the buyer of one million rice bags, against Mente & Company Inc., also a Louisiana corporation, the successor of the seller of the bags, for a breach of certain contracts made in Louisiana, the buyer contending that the bags were defective and not up to the contract

requirements. The defendant has an office, agent, and place of business, and is doing business in Chatham County, Georgia, and the local agent in charge of the business was served. The question to be decided in this case may be stated in this way: Has a Georgia court jurisdiction of a suit brought by one non-resident corporation against another, upon a transitory cause of action arising in another State, where the defendant non-resident corporation is actually present and doing business in Georgia, with an office, a place of business, and an agent in charge thereof, upon whom service of process is made? The case is here on exceptions to a judgment sustaining a demurrer on jurisdictional grounds. There is a cross-bill of exceptions complaining of the overruling of other grounds and of the refusal to rule upon still other grounds of demurrer.

■ Has the superior court of Chatham County jurisdiction of the subject-matter and of the persons for the purpose of rendering a judgment in personam against the defendant foreign corporation, "doing business" in this State, on a cause of action which arose in the State of Louisiana? The case in no way involves jurisdiction in rem, as by attachment, provided in the Civil Code (1910), § 5072, as construed in *Parramore* v. *Alexander,* 132 *Ga.* 642, 644 (64 S. E. 660). "It is now well settled that it is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within the State. *Vicksburg &c. Ry.* v. *DeBow,* 148 *Ga.* 738 (98 S. E. 381); St. Louis S. W. Ry. *v.* Alexander, 227 U. S. 218 (33 Sup. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77); International Harvester Co. *v.* Kentucky, 234 U. S. 579 (34 Sup. Ct. 944, 58 L. ed. 1479). In order to give the courts of this State jurisdiction of a suit against a foreign corporation and to authorize proper service of process upon it, the business which the corporation is conducting in the State must be a part of the business for which it was organized. 14A C. J. 1373; *Vicksburg &c. Ry.* v. *DeBow,* supra; Booz *v.* Texas &c. R. Co., 250 Ill. 376 (95 N. E. 460); Home Lumber Co. *v.* Hopkins, 107 Kan. 153 (190 Pac. 601, 10 A. L. R. 879). . . Whether a foreign corporation is doing business in this State in such a sense as to make it amenable to the jurisdiction of the courts thereof is, in its last analysis, a question of due process of law under the constitution of

the United States. 14A C. J. 1372; *Vicksburg &c. Ry.* v. *DeBow,* supra. Before a foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, it must be doing business within this State in such a manner and to such an extent as to warrant the inference that it is present in this State. Philadelphia &c. R. Co. v. McKibben, 243 U. S. 264 (37 Sup. Ct. 280, 61 L. ed. 710); St. Louis &c. R. Co. v. Alexander, supra; Smithson v. Roneo, 231 Fed. 349. . . Each case must depend upon its own facts, and their consideration must show that this essential requirement of jurisdiction has been complied with, and that the corporation is actually doing business within the State." *Southeastern Distributing Co.* v. *Nordyke &c. Co.,* 159 *Ga.* 150 (125 S. E. 171). In no case has this court gone to the extent as we are now urged to go in asserting jurisdiction of Georgia courts of non-resident defendant corporations as in this case. The facts here are most unusual. Not only are both corporations domiciled in Louisiana, but the contract out of which the case arose was executed there and the alleged breach and damages occurred there. The cause of action bears no relation to the business of defendant done in Georgia. Not only so, but it appears from the petition that in a suit instituted in the civil court for the Parish of Orleans, State of Louisiana, by Mente & Co. against Louisiana State Rice Milling Co. (plaintiff in the present suit), the latter filed "its reconventional demand, in the nature of a counter-claim," and on June 25, 1928, the trial court in Louisiana rendered a judgment adverse to the Louisiana Rice Company, and the case was taken on appeal to the Supreme Court of that State. The record does not disclose further progress of that case.

The conclusion by this court in its first adjudication of the question was indisputably and conclusively adverse to the jurisdiction in the courts of this State in the case stated (*Bawknight* v. *Ins. Co.,* 55 *Ga.* 194); but that case was reviewed and formally overruled in *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), and the latter case was followed in *Hawkins* v. *Fidelity & Casualty Co.,* 123 *Ga.* 722 (51 S. E. 724), decided by five Justices. The Civil Code (1910), § 2203, declares: "Corporations created by other States or foreign governments are recognized in our courts only by comity, and so long as the same comity is extended in their courts to corpora-

tions created by this State," and § 2258 provides for service of process as follows: "Service of all subpœnas, writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of the corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." This section makes no distinction between domestic and foreign corporations. Service of the latter if legally perfected, in the absence of voluntary appearance, must be done by virtue of the last named section. "The question as to whether a foreign corporation is 'doing business' in the State, so as to be subject to the jurisdiction of the courts of the State, is entirely distinct from the question as to whether such a corporation is 'doing business' in the State within the purview of the act prescribing the conditions upon which such corporations may be allowed to do business within the State; and it does not follow that business which, by reason of the interstate-commerce law, does not bring the corporation within the latter statute, may not nevertheless bring it within the statute providing for the service of process." *Vicksburg &c. Ry.* v. *DeBow,* 148 *Ga.* 738 (supra). The demurrer admits that the defendant is "doing business" in Chatham County, Georgia. While the petition must be construed most strongly against the pleader, there is no special demurrer calling for further information as to the character of business being done. So we may assume that it is of such character as to measure up to the requirements, at least, to afford jurisdiction where the cause of action grows out of the business being done there. Will it afford jurisdiction under the facts of this case, where the business being done in this State bears no relation to the cause of action? The distinguished trial judge arrived at the conclusion already stated, that the court was without jurisdiction. Able counsel have presented their contentions with great clarity and force, citing a strong array of authorities. Many other similar authorities are available, but the number is so great that they create difficulty rather than otherwise. In the *Bawknight* case, overruled later as stated above, it was said in the opinion by Judge Jackson, and

concurred in by Chief Justice Warner and Judge Bleckley: "We are not aware of any case which has decided that a foreign corporation may be sued in personam here on a foreign judgment, or on a contract or debt of any sort with which the Georgia agency has had no connection. A debt created in England by this English corporation could then be sued here; a debt made in China might be sued in personam here, where this corporation is allowed to live only for certain purposes, instead of being sued at home, where it lives for all purposes. There is good reason for so restricting the statute. The agent in Georgia might be able easily to defend a Georgia contract, where he had made or supervised it, where all the witnesses lived, and were accessible to him; but it would be difficult for him, nay, impossible, to defend an English or a Chinese contract without great hazard and expense; and for the very reason that he could not well and readily defend such a contract, suit would be brought upon them here, judgment in personam be rendered, and then suit on that brought at the home office, and it be concluded without opportunity to defend on the merits."

In the *Reeves* case, supra, overruling the *Bawknight* case, an elaborate opinion was written by Justice Cobb, in which a number of cases from other jurisdictions were cited. The full opinions in both cases are worthy of careful consideration. In part it was said in the *Reeves* case: "Presence within the territorial limits of the State gives jurisdiction to its courts, and a non-resident may be brought into court by service of process in the same manner that a resident would be brought in. In cases of foreign corporations a mere passing through the State of an officer, even though the head officer, would not give the courts of this State jurisdiction of the corporation. *Schmidlapp* v. *Ins. Co.*, 71 *Ga.* 246; *Associated Press* v. *United Press*, 104 *Ga.* 51 (29 S. E. 869); *Reynolds Co.* v. *Martin*, 116 *Ga.* 495 (42 S. E. 796). A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it. The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found, in the sense that service may be perfected upon an agent or officer transacting business for the corporation

within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served. From among the numerous cases relating to this subject we cite the following: Eingartner v. Steel Co., 94 Wis. 70 (68 N. W. 664, 34 L. R. A. 503, 59 Am. St. R. 859); Nelson v. R. Co., 88 Va. 971 (14 S. E. 838, 15 L. R. A. 583); Haggin v. DeParis, L. R. 23 Q. B. D. 519; Lhoneux v. Banking Corporation, L. R. 33 Ch. Div. 446; Dennick v. R. Co., 103 U. S. 11, 18 (26 L. ed. 439); St. Clair v. Cox, 106 U. S. 350, 354 (1 Sup. Ct. 354, 27 L. ed. 222); Barrow Steamship Co. v. Kane, 170 U. S. 109 (18 Sup. Ct. 526); Knight v. R. Co., 108 Pa. 250 (56 Am. R. 200). See also Reno on Non-residents, § 44 et seq.; Minor's Conflict of Laws. § 192. Of course the right either of a non-resident or resident plaintiff to sue a foreign corporation upon a foreign cause of action is subject to this qualification, that it would not be against the policy of the State in which the suit is brought to enforce the cause of action arising outside of its jurisdiction. The comity of States would not require the courts of this State to enforce a cause of action when to do this would be contrary to the established policy of the State. Political Code, § 9; *American Colonization Society* v. *Gartrell, 23 Ga.* 448. Subject to this qualification, foreign corporations may sue in this State on any cause of action, and may likewise be sued, provided they are found and duly served according to law. At common law, service upon a corporation could be perfected only by serving its head officer, but whether service upon any other officer would be sufficient to bring the corporation into court is a matter to be determined by municipal law. The law of this State permits its own corporations to be brought into court by serving any officer or agent transacting the business of the corporation, and the statute is broad enough to allow service upon a foreign corporation in the same way. The State of Georgia either expressly grants to these foreign corporations the right to do business within its limits, or tacitly permits them to transact business here. They are allowed to open offices in this State and here deal with our citizens and others who may be temporarily within its limits. The State protects them in the property which they hold. The courts of Georgia are open to them for the enforcement of any claim of any character

which they may have against her citizens or citizens of other States passing through this State, subject only to the qualification above referred to. Can it be said that it is a hard rule, or a violation of any sound principle, that they should be put upon the same footing as to causes of action against them as that on which our own corporations are placed by the law of the land?"

In the later *Hawkins* case, supra, the ruling was further qualified to the extent of protecting the public policy of the State. The court in the *Bawknight* case as quoted above referred to the "hazard and expense" incurred by a foreign corporation incident to defending a case in this State. In the *Reeves* case the court referred to the "great hardship and inconvenience" resulting often times from the rule requiring suits against corporations to be brought in the State of their domicile. We think it may safely be said that hardship, inconvenience, and expense may often times result from either rule. Furthermore, no rule can possibly be adopted which will insure against these attendant evils. They are as the bark of the tree of litigation, without which the tree will wither and die. Without expenditure of effort, the industry, money, and quite generally of travel to the scene of the forum, the contest will cease. Moreover we subscribe to the aphorism, "a hard case makes bad law." Our statute makes provision for service of process on non-resident insurance companies (Civil Code (1910), §§ 2446, 2447), and special provision for service on railroad companies (§ 2798), but the section last cited does not apply if the suit is for injuries sustained in a foreign State. *Atlanta, Knoxville & Northern R. Co.* v. *Wilson,* 116 *Ga.* 189 (42 S. E. 356) ; *Reeves* v. *So. Ry. Co.,* supra. From what has been said it is obvious that if the *Reeves* case can not be distinguished by its facts from the present case, we are bound to hold that the court erred in sustaining the general demurrer and dismissing the petition on account of lack of jurisdiction. This leads us to examine the facts in the *Reeves* case. The residence of Reeves, the plaintiff, does not appear. The defendant, Southern Railway Company, was duly served with process according to the law of this State. As stated in the report of that case : "The cause of action alleged is a tort to property, committed in the State of Alabama, the tort consisting of an injury to a horse which was being transported from Harrisonville, Missouri, to Atlanta, Georgia, in a car of the defendant

company. The petition did not allege that the contract of transportation was made by any officer or agent of the corporation in Georgia, or that the tort was connected in any way with orders issued by a Georgia officer or from a Georgia office of the corporation." Thus it appears that the tort on which the case was based was the breach of a contract of transportation. Where that contract was made is not shown. It does appear from the record of the case of file in this court, but not reported in the published decision, that the owner shipped the horse from Harrisonville, Mo., via Memphis, Tenn., to Atlanta, Ga.; "that when the said car [containing the horse] reached Birmingham, Ala., . . while *the defendant company* [italics ours] was shifting and switching said car containing . . said mare on its tracks in the said city of Birmingham, the engineer in charge of the switch-engine so engaged negligently and carelessly moved his engine against said car or against the train of cars in which said car was located, so violently and severely that your petitioner's said mare was knocked down in the car," etc. The petition then proceeds to allege the injury and negligence. It seems to be a legitimate inference that the horse was injured while in the possession of Southern Railway and by its servants and employees. It further appears that the injury, the cause of action, took place during the course of transportation by the Southern Railway, defendant in the suit. So it appears that the cause of action was based upon an alleged tort committed by the defendant Southern Railway in Birmingham, Ala., during the course of transportation by that company, the delivery to be made in Atlanta. The cause of action appears to bear a relation to the act of transportation in this particular instance into Georgia, and in fact to grow out of that transportation. The suit was brought in the city court of Atlanta. Restricting the decision in the *Reeves* case to its actual facts, we think that all the court held was that the Georgia court in Fulton County, having jurisdiction of the subject-matter, also had jurisdiction of the person in a suit brought against a defendant foreign railroad which had contracted to transport the horse from another State to Atlanta, and that before completing the transportation the horse was injured. The business done in Georgia by the railroad company bore a direct relation to the injury which was the cause of action; in fact the cause of action grew out of the specific business

which the railroad partly performed in Georgia. For that reason we do not think that the decision in the present case is controlled by the *Reeves* case.

We hold that suit on a transitory cause of action, against a non-resident corporation, is not within the jurisdiction of Georgia courts, unless the defendant voluntarily consents, or that the action grows out of business transacted by the defendant, which business must be a part of the business for which it was organized, or the cause of action must bear a relation to such business conducted in this State, and there must be proper service. Old Wayne Life Association *v.* McDonough, 204 U. S. 8 (27 Sup. Ct. 236, 51 L. ed. 345) ; Simon *v.* Southern Ry. Co., 236 U. S. 115 (35 Sup. Ct. 255, 59 L. ed. 492) ; Louisville & Nashville R. Co. *v.* Chatters, 279 U. S. 320 (49 Sup. Ct. 329, 73 L. ed. 711). Numerous cases from outside jurisdictions are cited in the briefs of both parties in the present case. A number of them are exceedingly well considered, but we think it would be useless to cite them here. Most of them are found in works like Corpus Juris and Ruling Case Law, where a general survey of the question is well stated. A very thoughtful review of the history of this question, from the decisions of the Supreme Court of the United States in particular, will be found in 79 University of Pennsylvania Law Review, 956. The annotations to the case of Gregonis *v.* Philadelphia &c. Co., 32 A. L. R. 33 et seq., cite a valuable collection of decisions, including the case of Stewart *v.* Litchenberg, 148 La. 195, 86 So. 734, with regard to the exercise of discretion by the court in exercising or refusing to exercise jurisdiction against non-resident defendant corporations. In view of the many decisions on the question, it is unnecessary to discuss the question of the non-residence of the plaintiff in this case. It is generally agreed by practically all courts that if a non-resident corporation is sued on a cause of action which has a relation to the business transacted in the State where the suit is brought, the corporation will be estopped to take advantage of its failure to file a stipulation with regard to the person upon whom service may be had, where the statute has provided for such appointment. In the case of insurance companies, as in the *Bawknight* case, that principle has application, but not in a case like this. The decisions in courts of last resort are not in harmony. This court, in the *Reeves* case, considered the *Bawknight* cause to be "in direct con-

flict with modern authorities," and we frankly concede that there is justification for that statement, but we do not concede that this fact is conclusive of the question. As an illustration of the reasoning employed by courts taking the contrary view, we select for reference the case of Tauza *v.* Susquehanna Coal Co., 220 N. Y. 259 (115 N. E. 915).

Since the decision in this case brings in question whether or not the exercise of the jurisdiction sought would be a denial of the due-process clause of the constitution of the United States, it would be very consoling if a case from the Supreme Court dealing directly with the question could be cited. As we view them, the decisions of the Supreme Court tend in the direction of a denial of jurisdiction under the state of facts in the present case, but we do not think that that great court has yet rendered a decision in which they have taken positive and unequivocal ground. The case of Louisville & Nashville R. Co. *v.* Chatters, supra, is very nearly on the question, but not precisely so. At least the facts do not coincide so nearly as to make the decision controlling. From what is said above we hold that the trial judge did not err in sustaining the general demurrer and dismissing the petition for lack of jurisdiction.

■ Since the judgment dismissing the case is affirmed, the cross-bill of exceptions will be dismissed.

*Judgment on main bill of exceptions affirmed. All the Justices concur, Russell, C. J., specially. Cross-bill of exceptions dismissed. All the Justices concur.*