22532.   ERLANGER COTTON MILLS CO. *v.* O'NEILL BROTHERS Inc.

JENKINS, P. J.   Where a non-resident corporation brings suit in this State, even though it be on a transitory cause of action not repugnant to the policy of this State, against a non-resident corporation of a third State, alleging that the defendant has an office, agent, and place of business and is doing business in the county in which the suit is brought, but where the cause of action did not arise out of any of the business transacted in this State and bears no relation to the business so transacted, but where on the contrary it is made to appear that the contract, forming the basis of the action between the two non-resident corporations of different States, was made and was to be performed outside of this State, the courts of this State have no absolute duty to entertain jurisdiction of the action, unless it be true that in such a case jurisdiction might possibly be conferred by the defendant's voluntarily consenting thereto. *Louisiana Rice Milling Co.* v. *Mente,* 173 *Ga.* 1 (159 S. E. 497).

2. Without adjudicating the question whether under the facts the defendant could confer jurisdiction by voluntarily consenting thereto, such was not done in the instant case.   While the defendant pleaded to the merits at the first term, and contemporaneously filed a special demurrer, the petition as originally brought, and as it stood at the time the plea was entered, did not disclose that the plaintiff was a foreign corporation. While it disclosed that the *defendant* was a corporation chartered under the laws of the State of Pennsylvania, the *plaintiff* was designated merely as the Erlanger Cotton Mills Company.   Such a name might be taken to import a corporation; but the language of the petition did not disclose what sort of legal person or entity it was, if any.   One of the grounds of special demurrer sought to attack the petition for this reason.   It was only in response to this ground that the plaintiff, for the first time, disclosed by amendment that it was *a foreign corporation* chartered under the laws of North Carolina.   Thereupon, without in any way submitting to the jurisdiction of the court, the defendant moved to dismiss the action for want of jurisdiction.   Accordingly, the defendant should not be held to have voluntarily consented to the court's jurisdiction since the only act on its part which might be so taken was before the time it was put on notice that jurisdiction did not in fact exist. Civil Code, § 5652.   While it might not have been necessary to declare in terms that the plaintiff was a corporation (since the name might so import), still, when the amendment showed that it was a *foreign* corporation, it became subject to the demurrer that this fact, in connection

with the other facts stated above, deprived the court of jurisdiction. The court did not err in sustaining the motion to dismiss the suit.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 1, 1933.

*Jones, Fuller, Russell & Clapp, Douglas M. Orr,* for plaintiff.
*Sutherland & Tuttle, Joseph B. Brennan,* for defendant.