27701.  McCORKLE *v.* PULLMAN COMPANY.

Decided October 21, 1939.  Rehearing denied November 4, 1939.

*Clint W. Hager,* for plaintiff. *Howell & Post,* for defendant.

SUTTON, J. ■ In this court the defendant filed a motion to dismiss the writ of error, on the ground that the bill of exceptions was not filed within the time required by law. It is pointed out that

the bill of exceptions bears a certificate of approval from the presiding judge under date of April 4, 1939; that the March term, 1939, of Fulton superior court began on the first Monday, March 6, 1939; that the January term, in which the judgment complained of was rendered on February 20, 1939, necessarily adjourned by operation of law at midnight, Saturday, March 4, 1939; that it was necessary that the bill of exceptions be tendered within thirty days from the adjournment of court; and that the date of the signature of the judge, which it is averred must be taken as the date on which tender of the bill of exceptions was made, shows that the tender was made thirty-one days after the adjournment of court, and therefore was too late. The date of tender, and not the date of the judge's signature, controls. The act of 1896 (Ga. L. 1896, p. 45; Code, § 6-1312) provides: "No bill of exceptions shall be dismissed upon the ground that the same was not certified by the judge in the time required by law for tendering and signing bills of exceptions; but if it shall appear from the bill of exceptions that the same was tendered to the judge within the time required by law, a mere failure on his part to sign the same within the time prescribed shall be no cause for dismissal, unless it should appear that the failure to sign and certify the same by the presiding judge within the time prescribed by law was caused by some act of the plaintiff in error or his counsel." The Code, § 6-902, prescribes the time in which ordinary bills of exceptions shall be tendered; and the effect of the act of 1896 is to render bills of exceptions valid where *tendered* within the proper time although not certified and signed until a later date, unless the delay in signing is caused by the plaintiff or his counsel. *Atlanta Home Builders Co.* v. *Metropolitan Casualty Ins. Co.*, 49 *Ga. App.* 241 (175 S. E. 22). The present bill of exceptions does not bear any date as to when it was presented, but contains a recital "now comes plaintiff in error, *within the time provided by law, and tenders* this its bill of exceptions and prays" etc. (Italics ours.) In these circumstances it has been held: "When it is in a bill of exceptions recited that the same was tendered within the time prescribed by law, the writ of error will not be dismissed because of the failure of the presiding judge to certify the same within the statutory period, unless it be made to appear that his failure to do so was caused by some act of the plaintiff in error, or his counsel." *Moore* v. *Kelly & Jones Co.*, 109 *Ga.*

798 (35 S. E. 168); *Sweat* v. *Barnhill,* 171 *Ga.* 294 (155 S. E. 18); *Neal* v. *Mathews,* 27 *Ga. App.* 806 (110 S. E. 24); *Fairfax Loan & Investment Co.* v. *Turner,* 49 *Ga. App.* 300, 303 (175 S. E. 267); *Atlanta Home &c. Co.* v. *Met. Cas. Ins. Co.,* supra. The certificate of the judge in the present case affirms the recital that the bill of exceptions was tendered within the time required by law, and it nowhere appears that any delay in signing the bill of exceptions was caused by the plaintiff in error or his counsel. Under the authorities cited above, the motion to dismiss is without merit and is overruled.

■ The question here presented is: Has the superior court of Fulton County jurisdiction of the subject-matter, and of the persons, for the purpose of rendering a judgment in personam in favor of a non-resident plaintiff against a defendant foreign corporation doing business in this State, on a cause of action which arose in the State of Illinois, and which did not arise out of any of the business transacted in this State by the foreign corporation, and bears no relation to the business transacted in this State by the foreign corporation, and where the enforcement of the cause of action would not be contrary to the laws and policy of this State? In *Reeves* v. *Southern Railway Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), cited and relied on by plaintiff, the broad ruling was made: "A foreign corporation doing business in this State and having agents located therein for this purpose may be sued and served in the same manner as domestic corporations, upon any transitory cause of action, whether originating in this State or otherwise; and it is immaterial whether the plaintiff be a non-resident or a resident of this State, provided the enforcement of the cause of action would not be contrary to the laws and policy of this State." An earlier case to the contrary, *Bawknight* v. *Liverpool & London & Globe Ins. Co.,* 55 *Ga.* 194, was specifically overruled in the *Reeves* case. In *Louisiana State Rice Milling Co.* v. *Mente,* 173 *Ga.* 1 (159 S. E. 497), the question here involved was presented under the following state of facts as reported: "Suit in equity was brought by Louisiana State Rice Milling Company Inc., a Louisiana corporation, which was the buyer of one million rice bags, against Mente & Company Inc., also a Louisiana corporation, the successor of the seller of the bags, for a breach of certain contracts made in Louisiana, the buyer contending that the bags were

88-1

defective and not up to the contract requirements. The defendant has an office, agent, and place of business, and is doing business in Chatham County, Georgia, and the local agent in charge of the business was served." Referring to the decision in the *Reeves* case the court, after quoting portions of the opinion in that case, said: "From what has been said it is obvious that if the *Reeves* case can not be distinguished by its facts from the present case, we are bound to hold that the court erred in sustaining the general demurrer and dismissing the petition on account of lack of jurisdiction. This leads us to examine the facts in the *Reeves* case. The residence of Reeves, the plaintiff, does not appear. The defendant, Southern Railway Company, was duly served with process according to the law of this State. As stated in the report of that case: 'The cause of action alleged is a tort to property, committed in the State of Alabama, the tort consisting of an injury to a horse which was being transported from Harrisonville, Missouri, to Atlanta, Georgia, in a car of the defendant company. The petition did not allege that the contract of transportation was made by any officer or agent of the corporation in Georgia, or that the tort was connected in any way with orders issued by a Georgia officer or from a Georgia office of the corporation.' Thus it appears that the tort on which the case was based was the breach of a contract of transportation. Where that contract was made is not shown. It does appear from the record of the case of file in this court, but not reported in the published decision, that the owner shipped the horse from Harrisonville, Mo., via Memphis, Tenn., to Atlanta, Ga.; 'that when the said car [containing the horse] reached Birmingham, Ala., . . while *the defendant company* [italics ours] was shifting and switching said car containing . . said mare on its tracks in the said City of Birmingham, the engineer in charge of the switch-engine so engaged negligently and carelessly moved his engine against said car or against the train of cars in which said car was located, so violently and severely that your petitioner's said mare was knocked down in the car,' etc.

"The petition then proceeds to allege the injury and negligence. It seems to be a legitimate inference that the horse was injured while in the possession of Southern Railway and by its servants and employees. It further appears that the injury, the cause of action, took place during the course of transportation by the Southern

Railway, defendant in the suit. So it appears that the cause of action was based upon an alleged tort committed by the defendant Southern Railway in Birmingham, Ala., during the course of transportation by that company, the delivery to be made in Atlanta. The cause of action appears to bear a relation to the act of transportation in this particular instance into Georgia, and in fact to grow out of that transportation. The suit was brought in the city court of Atlanta. Restricting the decision in the *Reeves* case to its actual facts, we think that all the court held was that the Georgia court in Fulton County, having jurisdiction of the subject-matter, also had jurisdiction of the person in a suit brought against a defendant foreign railroad which had contracted to transport the horse from another State to Atlanta, and that before completing the transportation the horse was injured. The business done in Georgia by the railroad company bore a direct relation to the injury which was the cause of action; in fact the cause of action grew out of the specific business which the railroad partly performed in Georgia. For that reason we do not think that the decision in the present case is controlled by the *Reeves* case." The court then stated: "We hold that suit on a transitory cause of action against a non-resident corporation is not within the jurisdiction of Georgia courts, unless the defendant voluntarily consents, or that the action grows out of business transacted by the defendant, which business must be a part of the business for which it was organized, or the cause of action must bear a relation to such business conducted in this State, and there must be proper service. Old Wayne Life Association *v.* McDonough, 204 U. S. 8 (27 Sup. Ct. 236, 51 L. ed. 345); Simon *v.* Southern Ry. Co., 236 U. S. 115 (35 Sup. Ct. 255, 59 L. ed. 492); Louisville & Nashville R. Co. *v.* Chatters, 279 U. S. 320 (49 Sup. Ct. 329, 73 L. ed. 711)." The headnote reads: "Where one non-resident corporation brings suit in this State against another non-resident corporation, both plaintiff and defendant being domiciled in the same State, although the petition alleges that defendant foreign corporation 'has an office, agent, and place of business and is doing business in Chatham County, Georgia,' but where the cause of action does not arise out of any of the business transacted in this State, and where the cause of action bears no relation to the business transacted in this State, the courts of this State have no jurisdiction. Applying the foregoing principles to the facts

of this case, the court did not err in sustaining the general demurrer and dismissing the petition." In this decision all of the Justices concurred generally, except Justice Russell who concurred specially. The effect of that decision is that while the court did not overrule the *Reeves* case, it limited its application to its own state of facts which, as interpreted by the court in the *Louisiana Milling Co.* case, showed that the cause of action arose out of business transacted by the defendant in Georgia and bore a relation to its business transacted in this State. Thus, while the ruling in the *Reeves* case might appear to be much broader than that in the *Louisiana Milling Co.* case, we are bound, as to its authority as an older case, by the Supreme Court's construction, in the *Milling Co.* case, as to its authority; and unless the allegations of the petition in the present case come within the ruling of the *Milling Co.* case, it can not be said that the superior court of Fulton County had jurisdiction to try it.

The plaintiff contends that the test is met, in that, as it avers in the brief; although not in the petition, he entered into a contract with the Pullman Company to transport him to Atlanta, Georgia, from Chicago, Illinois. This contention can not be upheld in either event, inasmuch as it has been definitely ruled that, unless provided by statute, a sleeping-car company is not a carrier of passengers. See the very elaborate opinion in *Pullman Co.* v. *Strang, 35 Ga. App.* 59 (132 S. E. 399). The undertaking of a sleeping-car company is to furnish lodging, and not to transport, although in connection with the undertaking the law imposes certain duties on the company with respect to the safety and protection of the occupant of a berth when he has met the conditions which entitle him to the conveniences of a sleeping-car. But does the petition otherwise show that the superior court of Fulton County had jurisdiction? What is meant by the expression, "cause of action does not arise out of any of the business transacted [by the defendant] in this State, and where the cause of action bears no relation to the business transacted in this State"? It can not mean that the present suit could be maintained merely because the defendant transacts business not only in Illinois but also the same kind of business in Georgia. This is evident because of the fact that the ruling in the *Milling Company* decision was made in a case where the defendant foreign corporation of Louisiana also maintained a business in

Chatham County, Georgia. As stated in the report, "The defendant has an office, agent, and place of business, and is doing business in Chatham County, Georgia, and the local agent in charge of the business was served." By the expression we understand is meant that the episode or state of facts giving rise to the cause of action must be that which is in some way contributed to or participated in by the defendant in the course of its business in Georgia. In the *Reeves* case the provision was seemingly met by the fact, as interpreted by the Supreme Court, that the horse which was being transported over the Southern Railway in Alabama, where the injury occurred and the cause of action arose, was to be also transported over the Southern Railway in Georgia where the defendant was doing business. In other words, in its business in Georgia the defendant participated in the act of transportation of the horse which was to be delivered by the Southern Railway in this State. It is conceivable that the test would have been met in the present case if the Pullman Company doing business in this State had wired for reservation of a berth for the plaintiff in Chicago, or in any way had been a party toward providing him a berth in one of its sleepers attached to a train which was to proceed to Atlanta. But nothing whatever is disclosed by the petition to link or connect the business being done by the defendant in Georgia with the cause of action originating in Illinois. In the words of the Supreme Court, "the cause of action bears no relation to the business done in Georgia." In these circumstances, independently of any other reasons urged by the defendant in error, among them the constitutional question of due process of law, as to lack of jurisdiction in the superior court of Fulton County, we are constrained to hold, under the decision in the *Louisiana Milling Co.* case, supra, and its construction of the authority of the *Reeves* case, supra, that the court was without jurisdiction, and did not err in sustaining the defendant's demurrer and dismissing the action.

*Judgment affirmed. Felton, J., concurs specially. Stephens, P. J., dissents.*

FELTON, J. I concur on the theory that until the plaintiff had bought a Pullman ticket the company was not involved in a duty which brought into play their business in Georgia, so far as the plaintiff was concerned. The duty owed to the plaintiff at the time of the injury was that the company would use ordinary care to pro-

tect him until he ascertained, within a reasonable time, whether he could get a Pullman ticket or not. If he had bought a Pullman ticket to Atlanta, I think the Georgia courts would have jurisdiction.

STEPHENS, P. J., dissenting. A foreign corporation may be sued at common law, and a general judgment be obtained against it in this State, on a transitory cause of action arising in another State, if the corporation can be found within this State, and service is perfected upon it. A foreign corporation is within this State when it is doing business in this State by and through its authorized officers and agents. As stated by Justice Cobb in *Reeves* v. *Southern Ry. Co.*, 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), a corporation "is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it." A transitory cause of action which is sought to be asserted in a common-law suit against a foreign corporation doing business in this State need not relate to any matter growing out of the transaction of the corporation's business within this State. No more, if anything, could be required of a transitory action asserted in the courts of this State, against a foreign corporation doing business in this State, than that the cause of action relate to and grow out of the transaction by the corporation of business which is of a nature similar to and of the same character as the business transacted by the corporation in this State.

The ruling of the Supreme Court in *Reeves* v. *Southern Ry. Co.*, supra, is consistent with this proposition. That is a full-bench decision. The decision in *Louisiana State Rice Milling Co.* v. *Mente*, 173 *Ga.* 1 (159 S. E. 497), which is seemingly in conflict with the proposition here asserted, is, so far as it appears from the decision as reported, a decision by only five Justices. While six Justices participated in the decision, one Justice concurred specially, without rendering an opinion. It therefore does not appear that he concurred in the conclusions arrived at by the five remaining Justices. This court is justified in following the *Reeves* case, which is a full-bench decision of six Justices, and has not been overruled. Anything in *Louisiana State Rice Milling Co.* v. *Mente*, in conflict with the *Reeves* decision should yield to the authority of that decision.

The plaintiff in the case now before the court predicates his cause

of action upon an alleged violation by the defendant Pullman Company, outside of this State, of a duty owing to him in the operation and conduct of its business in the operation of sleeping-cars for the accommodation of railroad passengers in transit. This company is engaged in precisely the same duties in the State of Georgia. Whether or not the petition sets out a cause of action, in my opinion the superior court of Fulton County, under authority of the *Reeves* case, has jurisdiction. Moreover, applying the rule as interpreted in the majority opinion of this court, the plaintiff's cause of action related to and arose out of a situation which involved the transaction of the business of the defendant corporation within this State. The plaintiff had entered the sleeper of the defendant in Chicago, after having bought a railroad transportation ticket to Atlanta, Georgia, for the purpose of obtaining Pullman reservations and accommodations from Chicago to Atlanta, Georgia. Therefore, under either view, the Georgia court had jurisdiction, and the court erred in dismissing the case upon the ground that it had no jurisdiction.