29014. LOUISVILLE & NASHVILLE RAILROAD.
COMPANY *v.* MEREDITH, next friend.

DECIDED DECEMBER 4, 1941.   REHEARING DENIED DECEMBER 19, 1941.

490

*Harris, Harris, Russell & Weaver,* for plaintiff in error.

*T. A. Jacobs, J. J. Gautier,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The Louisville & Nashville Railroad Company is a foreign corporation operating lines of railroads in Georgia. It has an office and place of business in Bibb County, but it does not have any railroad tracks in that county. It does have an agent in Bibb County, and this agent was served with the petition and the process. The plaintiff is a little girl, three years of age, who it is alleged has been abandoned by her parents and is in the custody and care of her grandparents who are residents of Bibb County. This suit is instituted by the grandfather of the plaintiff as next friend.

It is alleged that the plaintiff was injured through the negligence of the defendant in the operation of one of its trains in Alabama, when the plaintiff and her grandmother undertook to change trains at Flomaton, Alabama, by disembarking from one of the defendant's trains for the purpose of boarding another of its trains so as to continue their journey to Macon, Georgia. It is alleged that the plaintiff was traveling with her grandmother who had purchased from the defendant a ticket from Pensacola, Florida to Macon, Georgia. This journey on the defendant's trains and over its lines necessitated the plaintiff and her grandmother changing trains at Flomaton.

It is contended by the defendant that the city court of Macon in Bibb County had no jurisdiction of this cause of action. It is contended that because it did not own any line of railroad in Bibb County, and because the service of the petition was upon an agent of the defendant in Bibb County who maintained an office there but who was only a soliciting freight agent, the city court of Macon did not have jurisdiction to entertain the suit brought on account of the alleged negligence of the defendant in the operation of one of its trains in Alabama, which negligence resulted in

personal injury to the plaintiff. The judge decided this contention adversely to the defendant, and denied its plea, motion, and demurrer to this effect.

The general jurisdiction of State courts extends to transitory causes of action arising in another State, even though the plaintiff may not have been a resident of the State where the cause of action arose and the defendant may be a foreign corporation, so long as it is confined to the field from which the State itself is not excluded under the provisions of the United States constitution. An action is transitory within the meaning of this rule when the transaction on which it is based might have taken place anywhere. Generally speaking, injuries to person or property of another arising ex contractu or ex delicto are of a transitory nature, and an action may be brought wherever the defendant may be found and served. Ormsby v. Chase, 290 U. S. 387 (54 Sup. Ct. 211, 78 L. ed. 378, 92 A. L. R. 1499). It is generally held that an action for a tort is transitory, and ordinarily can be brought in a court of any State that has jurisdiction over the parties. Thus, an action for an injury to the person is transitory, and may be maintained in the courts of a State other than that where the injury occurred. This is the rule adopted in this State. *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207). This was the rule at common law. "At common law personal actions, whether arising ex contractu or ex delicto, are transitory in their character and may be brought in another State or country than that in which the cause of action arose." 1 Am. Jur. 412; Anglo-American Provision Co. v. Davis Provision Co., 191 U. S. 373 (24 Sup. Ct. 92, 48 L. ed. 225). On the question of whether or not a State court has the power, in the proper case, to decline to entertain an action for a non-statutory tort occurring in another State or country, even where both parties are non-residents, see 32 A. L. R. 6, 33.

It seems that the courts of this State are bound to take jurisdiction of such an action if the defendant can be found and served in the county where the suit is brought. "A foreign corporation doing business in this State and having agents located therein for this purpose may be sued and served in the same manner as domestic corporations, upon any transitory cause of action whether originating in this State or otherwise; and it is immaterial whether

the plaintiff be a non-resident or a resident of this State, provided the enforcement of the cause of action would not be contrary to the laws and policy of this State." *Reeves* v. *Southern Ry. Co.,* supra. In that case the court said: "The true test of jurisdiction is not residence or non-residence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method for perfecting service on it by serving its agents." "Service of . . . process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced." Code, § 22-1101. It has been held that a foreign corporation having an officer or agent in this State may be served by serving its officer or agent. *City Fire Insurance Co.* v. *Carrugi,* 41 *Ga.* 660; *Equity Life Asso.* v. *Gammon,* 119 *Ga.* 271 (46 S. E. 100). It appears that the defendant, while it did not maintain any lines of railroad in Bibb County, did business in the State of Georgia and maintained lines of railroad on which it operated passenger trains in the State of Georgia. It had an office and an agent in Bibb County for the purpose of transacting part of its railroad business in this State. "A foreign corporation doing business in this State is subject to the jurisdiction of the courts of this State if it can be served with process; and, as, by our law, any corporation may be served with the process of a court having jurisdiction of the suit, by serving 'any officer or agent of such corporation' so any foreign corporation having an officer or agent here may be served by serving its officer or agent." *City Fire Insurance Co.* v. *Carrugi,* supra. In *Williams* v. *East Tenn., Va. & Ga. Ry. Co.,* 90 *Ga.* 519, 520 (16 S. E. 303), the court stated as follows: "Our Code declares that 'a citizen of another State passing through this State may be sued in any county thereof in which he may happen to be at the time when sued.' (§ 3416.) A corporation is for some

purposes a citizen, and if present is no less subject to the jurisdiction than any other citizen of another State. Besides, a corporation though a citizen of but one State, may be a resident also of other States. This court, in *City Fire Insurance Co.* v. *Carrugi*, *41 Ga.* 660, held that 'a foreign corporation doing business in this State is subject to the jurisdiction of the courts of this State, if it can be served with process'; and our laws provide for the service of process upon foreign as well as domestic corporations. (Code, § 3369 et seq.) The test of jurisdiction in personam is whether the corporation is so far present as that service can be effected, and it is to this extent present where its officers or agents are present and have an office and are engaged in the conduct of its business. When thus engaged in the exercise of its franchises in a State other than that of its creation, it can not be said that the corporate entity is confined to its principal office in the latter. In fact, for the purpose of being sued, it may be treated as a resident of each State in which it does business under State laws."

In *Saffold* v. *Scottish American Mortgage Co.*, 98 *Ga.* 785, 788 (27 S. E. 208), the Supreme Court, citing the *Carrugi* and the *Williams* cases, held that a foreign corporation doing business in this State may, for purposes of suit, be treated as a resident of this State and of any county in this State in which it has an agent upon whom service can be perfected. Therefore it appears that the defendant was doing business in the State of Georgia, and that it had an agent and maintained an office in the County of Bibb upon whom service of process could be effected.

Nothing was held in *Vicksburg, Shreveport & Pacific Ry.* v. *DeBow,* 148 *Ga.* 738 (98 S. E. 381), to the contrary of what we hold here. In that case the foreign railroad corporation neither owned, leased, nor operated any line of railroad within this State, and the court properly held that such corporation was not doing business within the State, and that therefore service upon an agent who merely solicited freight did not give, where the county where such agent was found and served, jurisdiction of a transitory cause of action that did not grow out of and had no connection with the incidental business of the corporation conducted by such freight agent of soliciting freight. To the same effect see *DeBow* v. *Vicksburg &c. Ry.*, 23 *Ga. App.* 715 (99 S. E. 317). In West v. *Cincinnati &c. Railway Co.*, 170 Fed. 349 the court held that

a foreign corporation having no tracks in Georgia, and doing no business here except by a commercial agent who solicited business, was not doing business in Georgia, and that service on such agent would not confer jurisdiction over the corporation. It is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within Georgia and that such business be part of the business for which the corporation was organized and not a mere incident to that business. *Southeastern Distributing Co.* v. *Nordyke & Marmon Co.*, 159 *Ga.* 150 (125 S. E. 171). To the same effect see *Dowe* v. *Debus Mfg. Co.*, 49 *Ga. App.* 412 (175 S. E. 676).

The defendant was doing business within this State, and while it did not maintain any lines of railroad in Bibb County it nevertheless did a part of its business there. It had an office and agent in Bibb County. While the agent in Bibb County upon whom the petition and the process were served did not have authority relatively to the defendant's passenger business or the operation of the defendant's passenger trains, he did have authority relatively to the solicitation of freight business for the defendant and to the direction of freight over the defendant's lines. The defendant is a common carrier of freight and passengers, and as such owns, leases, and operates lines of railroad within the State of Georgia, as well as other States, including Florida and Alabama. Under the Code, § 22-1101, and under the authorities above referred to, service could be perfected on the defendant by serving the petition and the process upon any officer or agent of the corporation. Service of the petition and the process upon the commercial freight agent of the defendant in Bibb County could be legally perfected, so as to give jurisdiction to the courts of this State, by service upon the commercial agent in Bibb County who maintains an office there furnished him by the defendant.

This decision is not contrary to that in *Louisiana &c. Co.* v. *Mente,* 173 *Ga.* 1 (159 S. E. 497), where it was held that service on the agent of a non-resident corporation was not sufficient to give jurisdiction where the cause of action bears no relation to the business transacted in this State. The plaintiff was injured by reason of the alleged negligence of the defendant in the operation of its passenger train on which she was a passenger in the State

of Alabama. The defendant owns and operates lines of railroad as a carrier of passengers in the State of Georgia. The plaintiff was a through passenger on the defendant's railroad from Pensacola, Florida, to Macon, Georgia, and in the course of her journey was injured while changing from one train of the defendant to another train of the defendant in Alabama.

The petition set out a cause of action on account of the alleged negligence of the defendant's employees in the operation of its train on which the plaintiff was a passenger. Under the allegations of the petition it was a question of fact for the jury whether, under the circumstances, taking into consideration the plaintiff's age, the fact that she was with her aged grandmother, who had other small children to look after, the height of the steps of the car from which the plaintiff had to alight in order to change trains, the time of the night when this change of trains was to be made, and the condition of the steps and also of the weather, the defendant was required, in the exercise of proper care and in the proper performance of its duties toward the plaintiff, to render assistance to the plaintiff and her grandmother in disembarking from one of its trains for the purpose of boarding another, and whether it was negligent in failing to render such assistance as the result of which the plaintiff fell and was injured. See *Metts* v. *L. & N. Railroad Co.*, 52 *Ga. App.* 115 (182 S. E. 531) ; *Southern Railway* v. *Crabb*, 10 *Ga. App.* 559 (73 S. E. 859) ; *Valdosta Street Railroad* v. *Fenn*, 11 *Ga. App.* 586 (75 S. E. 984) ; Southern Railway *v.* Laxson, 217 Ala. 1 (114 So. 290, 55 A. L. R. 385).

It follows that the court did not err in denying the defendant's plea and motion, and in overruling the general demurrer to the petition as amended.

*Judgment affirmed.* *Felton, J., concurs.* *Sutton, J., dissents.*

FELTON, J., concurring specially. I do not think the facts show that the business of the defendant in this case involved its business in Georgia because in selling a ticket over a connecting line the initial carrier acts as agent for the connecting line and not as principal. I think the State court should take jurisdiction of this case, for the reason that the plaintiff is a resident of Georgia, and it would be against the law and the public policy of this State to require a citizen to sue a foreign corporation in another State when he can get legal service on the corporation in this State.

Code, §§ 3-206, 15-202. See 23 Am. Jur. 496, note 6; Grovey *v.* Washington National Insurance Co., 196 Ark. 697 (119 S. W. 2d, 503) ; Evey *v.* Mexican R. Co., 81 Fed. 294 (38 L. R. A. 387) ; Gregonis *v.* Philadelphia &c. Co., 235 N. Y. 152 (139 N. E. 223, 32 A. L. R. 1) ; Hunter *v.* Niagara Ins. Co., 73 Ohio, 110 (76 N. E. 563, 3 L. R. A. (N. S.) 1187, 112 Am. St. R. 699, 4 Ann. Cas. 146) ; Lipe *v.* Carolina R. Co., 123 S. C. 515 (116 S. E. 101, 30 A. L. R. 248) ; Missouri Pacific R. Co. *v.* Cullers, 81 Tex. 382 (17 S. W. 19, 13 L. R. A. 542) ; notes in 96 A. L. R. 368; 113 A. L. R. 134. Under the stipulated facts the agent served had authority to solicit business in Georgia, to begin in Georgia. That fact distinguishes this case from *Vicksburg &c. Ry.* v. *DeBow,* 148 *Ga.* 738, supra.

Sutton, J., dissenting. The three-year-old child who is alleged to have been injured was traveling with her grandmother who had purchased a ticket from Pensacola, Florida, to Macon, Bibb County, Georgia. The transportation began on the line of the defendant at Pensacola, Florida, and its tracks ran from that point to Montgomery, Alabama. The defendant did not maintain any line of transportation from Montgomery to the passenger's destination in Macon, Bibb County, Georgia, nor did the defendant have any railroad or tracks in Macon, Bibb County, Georgia, but it did operate a railroad line from Marietta in Cobb County, Georgia, to Blue Ridge in Fannin County, and from there into Tennessee and North Carolina. The alleged injury occurred in Flomaton, Alabama. It is not shown that the cause of action, which arose in Alabama, arose out of or was connected with any of the business transacted by the defendant in Georgia, and, accordingly, the courts of this State have no jurisdiction of the action. *Louisiana State Rice Milling Co.* v. *Mente,* 173 *Ga.* 1 (supra) ; *McCorkle* v. *Pullman Company,* 60 *Ga. App.* 879 (5 S. E. 2d, 382). Furthermore, under the facts of this case the defendant could not be found in Bibb County, Georgia, for the purpose of obtaining service, inasmuch as the office and agent maintained there by the defendant served only the limited and incidental purpose of solicitation in freight matters. " 'A railroad company which has no tracks within the district is not doing business therein in the sense that liability for service is incurred because it hires an office and employs an agent for the merely in-

cidental business of solicitation of freight and passenger traffic.'" *Vicksburg &c. Ry.* v. *DeBow,* 148 *Ga.* 738, 744 (supra). I think that the court erred in dismissing the defendant's traverse to the return of service, and in dismissing the plea to the jurisdiction, and therefore dissent from the majority opinion of this court. I do not think that the authorities cited by my brethren are authority for the maintenance of a suit under the facts as disclosed by the record in the present case. See also Simon *v.* Southern Railway Co., 236 U. S. 115, 130 (35 Sup. Ct. 255, 59 L. ed. 492); Old Wayne Mutual Life Asso. *v.* McDonough, 204 U. S. 8, 22 (27 Sup. Ct. 236, 51 L. ed. 345).